| | | |
|---|---|---|
| UNITED STATES | : | |
| | | 21-cr-597 (BAH) |
| v. | : | |
| JAVIER ALGREDO VAZQUEZ | : | |

## **DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

## **INTRODUCTION**

Defendant Javier Algredo Vazquez is pending sentencing before this Court on February 23, 2024 after his conviction at a jury trial of: (1) conspiracy to manufacture and distribute five hundred grams or more of methamphetamine for importation into the United States, in violation of 21 U.S.C. §§959(a), 960, and 963; (2) conspiracy to distribute a listed chemical for the manufacture or unlawful importation of a controlled substance, in violation of 21 U.S.C. §§959(b), 960, and 963; (3) conspiracy to launder monetary instruments, in violation of 18 U.S.C. §§1956(a)(2)(A) and (h).

There is no dispute among the parties as to the potential sentences in this case. The penalty for Count One pursuant to U.S.S.G. §2D1.1 and Count Three pursuant to U.S.S.G. §2S1.1 are the same: a mandatory minimum of ten (10) years. Pursuant to the federal sentencing guidelines, the adjusted sentencing guideline is level 40, which corresponds to a sentence of 292 – 365 months.

This Court's obligation is to impose a sentence that is "sufficient, but no greater than necessary" to punish and deter. <u>Kimbrough v. United States</u>, 552 U.S. 85, 101(2007). With that in mind, the defense acknowledges that the Court must sentence Mr. Algredo to a minimum of

ten years on Count One and we ask that the Court sentence him to no more than the mandatory minimum.

## BACKGROUND AND SENTENCING CALCULATION

This case arises out of an investigation of numerous chemicals that were being legally imported into Mexico from various countries, including China and India. According to the testimony of the government's principal witness Jesus Contreras-Arceo, the chemicals were then diverted to the methamphetamine production laboratories. Another witness Tony Romo Reyes, although he did not identify Mr. Algredo, testified that he did in fact work in a methamphetamine laboratory operated by Jesus Contreras-Arceo.

The Court also heard the testimony from Mr. Algredo's wife Laurena, who explained that they raised two children together (including their autistic younger son) and how the defendant was devoted to his family. The defense also presented the testimony of Alex Ruiz, the accountant for Mr. Algredo's legitimate interests, who testified that the defendant wisely invested the salary he made as a custodian for Hyatt Hotels.

In its calculation of the applicable sentencing guideline range, the Presentence Report attributed a two-level upward adjustment of two (2) levels because Mr. Algredo was convicted of a violation of 18 U.S.C. §1956, for a total of level 42. Finally, the defendant qualifies for a two level reduction under Section 4C1.1 as he has no prior convictions and he meets none of the criteria as outlined in Section 4C1.1(a)(1-10). Mr. Algredo's final offense level is 40.

## SENTENCING FACTORS

Under the federal sentencing statute, the factors to be considered in the imposition of sentencing include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentencing to reflect the seriousness of the

offense, to promote respect for law, and to provide just punishment; (3) specific and general deterrence; (4) the need to provide the defendant with training, medical care, or treatment; available sentencing alternatives; (5) consistency in sentencing among similarly-situated defendants; and (6) the need to provide restitution. See 18 U.S.C. § 3553(a).

There could be no argument that the drug offenses charged in this case constitute some of the most serious crimes imaginable.

As detailed in the Presentence Report, the defendant grew up in relatively modest circumstances in Mexico, immigrated to the United States as a young man. Mr. Algredo was gainfully employed his entire life and at the time of his arrest, he had been employed by the Hyatt Corporation since at least 2008. He earned an associate's degree and had continuously worked to obtain various licenses to improve his employment prospects. In the last 1980s, when the New York real estate market was significantly depressed, he leveraged his credit cards and purchased several pieces of residential real estate. Those properties have risen in value and the government seeks to forfeit these properties.

Mr. Algredo has been married to his wife Lorena Algredo for thirty one (31) years and they have two sons – Larry (age 20) and Giancarlo (age 18). Larry is a third year student at Boston University, having worked hard as his parents always taught him, volunteering with at risk youth before enrolling in college. Giancarlos is severely autistic and will always require the services of a caretaker.

The Court should know that Mr. Algredo has not remained idle while incarcerated in the DC Jail. Mr. Algredo has been taking what few classes were being offered at the jail and currently is enrolled in a legal education class.

Mr. Javier Algredo maintains his innocence.

A sentence of the mandatory minimum in jail would further the interest of general deterrence, the need for the punishment to reflect the seriousness of the offense, and all of the remaining relevant sentencing factors. Finally, the defendant has no means to pay a fine in this case, nor to really satisfy any order of restitution.

## CONCLUSION

For all of these reasons, the defense respectfully moves this Court to sentence Mr. Algredo the ten-year mandatory minimum in accordance with the request in this sentencing memorandum.

Respectfully submitted,

/s/*Sandi S. Rhee*
Sandi S. Rhee (DC Bar No. 502417)
228 S Washington Street,
Suite 300
Alexandria, Virginia 22314
(202)285-8366 cellular phone
SandiRheeLaw@Gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of Defendant's Memorandum in Aid of Sentencing was sent via ecf to counsels for the government, Assistant United States Attorney Kaitlin Sahni, Kate Naseef, and Nhan Nguyen, this 12th of February 12, 2024.

                 /s/          
Sandi S. Rhee
228 S Washington Street,
Suite 300
Alexandria, VA 22314
(202) 285-8366 cellular
SandiRheeLaw@Gmail.com
