UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * *    )
UNITED STATES OF AMERICA,              )    Criminal Action
                                       )     No. 21-00597
              Plaintiff,               )
                                       )
   vs.                                 )
                                       )
JAVIER ALGREDO VAZQUEZ,                )    Washington, D.C.
                                       )    September 21, 2021
              Defendant.               )    4:21 p.m.
                                       )
* * * * * * * * * * * * * * *    )


TRANSCRIPT OF RETURN ON ARREST WARRANT/INITIAL APPEARANCE
(TRANSCRIBED FROM THE FTR-GOLD AUDIO RECORDING)
BEFORE THE HONORABLE ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

FOR THE GOVERNMENT:        KATE M. NASEEF, ESQ.
                           KAITLIN J. SAHNI, ESQ.
                           U.S DEPARTMENT OF JUSTICE
                           NARCOTICS AND DANGEROUS DRUG SECTION
                           145 N Street, Northeast
                           Second Floor, East Wing
                           Washington, D.C. 20530


FOR THE DEFENDANT:         CARMEN D. HERNANDEZ, ESQ.
                           LAW OFFICES OF CARMEN D. HERNANDEZ
                           7166 Mink Hollow Road
                           Highland, Maryland 20777


FOR PRETRIAL SERVICES:   DA'SHANTA VALENTINE-LEWIS

TRANSCRIBED BY:          LISA EDWARDS, RDR, CRR
                         Official Court Reporter
                         United States District Court for the
                           District of Columbia
                         333 Constitution Avenue, Northwest
                         Room 6706
                         Washington, D.C. 20001
                         (202) 354-3269

THE COURTROOM DEPUTY:  This is Magistrate Case 21-605, the United States of America versus Javier Algredo Vazquez.

The Defendant is present by video.

And this matter is set for return on an arrest warrant and initial appearance.

Parties, please introduce yourselves for the record, starting with the Government.

MS. NASEEF:  Good afternoon, your Honor.  My name is Kate Naseef for the Government, along with Kaitlin Sahni.

MS. HERNANDEZ:  Good afternoon, your Honor. Carmen Hernández with Mr. Javier Algredo Vazquez.  He consents to proceeding by video today.  And he is bilingual. I think he's okay with going forward in English.  I don't know if -- maybe we could ask him again.  You could ask him again.

THE COURT:  I'll inquire.  Great.

And if we could have Ms. Holman first make her appearance.

THE PRETRIAL SERVICES OFFICER:  Good afternoon, your Honor.  This is Da'Shanta Valentine-Lewis, Pretrial Services Agency.

THE COURT:  Ms. Valentine-Lewis, sorry.  I just saw Ms. Holman's name on there.

So, Mr. Vazquez, this is Judge Faruqui.  I'm going

to first confirm you're able to hear and see me okay.

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  Great.

I wanted to confirm.  I spoke to Ms. Hernández just there briefly, and she indicated she thought, but she wanted to make sure.  And it's important that we're absolutely sure.  Are you able to speak English and feel comfortable with this proceeding occurring in English, enough that you understand what's going on?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  Great.

If you have any questions, Mr. Vazquez, you just need to speak up and let me know.  I'll try my best to answer those questions.  If it's something that's sensitive or related to your case, I might stop you because of your right to remain silent and ask you to speak to Ms. Hernández again in a private room.  But I can't help you if you don't tell me if you have a question or concern.  So it's your job to do that.  Okay?

THE DEFENDANT:  Okay, sir.  Thank you.

THE COURT:  Great.  Ms. Lavigne-Rhodes, can you please swear in [indiscernible].  Could you swear him in?

THE COURTROOM DEPUTY:  Yes.

Mr. Vazquez, please raise your right hand.

(Whereupon, the Defendant was duly sworn.)

THE COURTROOM DEPUTY:  Thank you.

THE COURT:  Thanks so much.  You can put your hand down.

I'm here to advise you of the charge that is pending against you, Mr. Vazquez, to inform you of your rights, including to appoint Ms. Hernández to represent you, discuss your pretrial detention -- so although you're presumed innocent, the Government may ask that you are, in fact -- be held pending trial, and as well as cover any issues that the Government or Ms. Hernández feel need to be covered prior to your case being charged.

Also, I'll inquire from Ms. [Indiscernible] as to potential consular notification.  I understand you might be a dual citizen, so we'll cover that as well.

So to begin with, though, I want to inform you as to what in fact are the charges that are pending against you.

Although you are presumed innocent, there is a criminal complaint that was issued that charged you with conspiring to manufacture and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and importation into the United States; aiding and abetting doing so, in violation of 21 USC 959(a) and 18 USC 2.

Now, while you're presumed innocent, it's

important that I remind you as well as anybody what are the highest possible penalties that are related to such offense.

Here, that does not mean that's what you would face, but not only are you presumed innocent; no one can know what penalty you'd face if you were found guilty because that is ultimately up to the district judge.  But a maximum term of imprisonment of not less than ten years and up to life, a fine of up to $10 million or both.  In addition, the Court should impose upon your release at least five years of supervised release to follow any term of incarceration.  So those are both of the penalties that might be possible.

Again, there may be higher penalties.  I want to be clear.  There may be higher penalties if you have a prior qualifying conviction or certain aggravating circumstances. I'll hear from your lawyer as time goes on if that might apply.

Before we go further and discuss your rights, I want to first confirm a couple things about your background. These are questions I ask everybody who appears before me. It's important so I understand that you're competent. Remember that you've been sworn in, so you have to be truthful.  If you're not --

THE DEFENDANT:  Yes, sir.

THE COURT:  -- you may face perjury or contempt

charges, which is not what anyone wants to happen to you. So if you have a question or concern, just let me know. If you can't answer a question, just let me know. Okay?

Great.

To begin with, can you please tell me your full name for the record?

THE DEFENDANT: Javier Algredo. I don't use Vazquez anymore because since I've become an American citizen, I use only my first last name, Javier Algredo.

THE COURT: Okay. And how do you pronounce your last name, please?

THE DEFENDANT: I'm sorry?

THE COURT: How do you pronounce it? "Algredo"? How do I say it?

THE DEFENDANT: Yes. "Algredo."

THE COURT: Okay. Thank you, Mr. Algredo.

How old are you?

THE DEFENDANT: 54.

THE COURT: Okay. Great.

How far did you get in school?

THE DEFENDANT: Associate degree at [indiscernible] Community College.

THE COURT: Okay. Excellent.

And have you taken any pills, drugs or medicine or drank any alcohol in the last 24 hours that would make it

difficult for you to understand what's going on today?

THE DEFENDANT:  No.

THE COURT:  Okay.  Beautiful.

And next I want to -- one moment.  Next I want to advise you of your rights.  You have the right to remain silent.  That means anything you say or do in this -- anything you say or do to a law enforcement officer can be used against you in a future proceeding or this proceeding.  If you've already said something to a law enforcement officer, you need say nothing more.  But you have the right to remain silent and not answer their questions.

Do you understand that, Mr. Vazquez?

THE DEFENDANT:  Yes.

THE COURT:  Great.

Next I want to inform you about your right to assistance of counsel.  You have the right to an attorney to represent you in this proceeding.  If you can afford one, you can hire your own.  If you cannot, I will appoint one for you at the Government's expense.

Would you like me to hire Ms. Hernández to represent you in this matter?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Great.  Let me go ahead and do so.

I just want to confirm through Ms. Hernández, are

you able to represent the Defendant in this matter?

MS. HERNANDEZ:  Yes, your Honor.  Sorry.  I was muted.

THE COURT:  No problem.  Thank you.

Mr. Vazquez -- I'm sorry -- Mr. Algredo.
Mr. Algredo, Ms. Hernández is a private lawyer, but through her service to our Bar and to ensure that people's constitutional rights are protected, she in fact allows the Court to -- she in fact allows the Court to hire her and retain her to represent you and people that may be charged criminally in certain circumstances through this thing called the Criminal Justice Act.  So she's a private lawyer who's going to be representing you.  And for that, I am extremely grateful.  Ms. Hernández is someone who is very experienced in these matters and will be able to assist you going forward.

I'll be largely speaking to her, Mr. Algredo, because it is important to recognize your right to remain silent.

Now, while -- if you have a question, I'll do my best to answer it.  However, she'll be mostly speaking on your behalf going forward.  Okay?

THE DEFENDANT:  Okay.

THE COURT:  I want to next inform and warn the Government pursuant to Rule 5(f) of the Rules of Criminal

Procedure that you must turn over any exculpatory evidence as that term is defined in *Brady versus Maryland* and its related cases to the Defendant.

Mr. Algredo, that means evidence that's helpful to your case. They cannot sit on it. They must turn it over to you. Failing to do so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, contempt proceedings and possible dismissal of charges.

I next want to hear from the Government as to what its request is in terms of detention.

MS. NASEEF: Yes, your Honor.

The Government's requesting detention and asks that a detention hearing be scheduled for Friday and that the Defendant remain detained pending that hearing as he's charged with a violation of 21 USC 959, which carries a presumption that the Defendant should be detained pending trial pursuant to Section 3142.

THE COURT: Great.

Ms. Hernández, any thoughts regarding the timeframe for the requested detention hearing?

MS. HERNANDEZ: Your Honor, I understand the Bail Reform Act grants the Government the power, the authority, to ask for three days.

I always lodge a complaint because they choose the

day and time when they charge a defendant and bring them in, and they should therefore be ready to go forward with the detention hearing on that date.

Mr. -- as far as I understand, Mr. Algredo has been living in this country openly. And so they should not be allowed to choose the date and then also ask for an additional three days. They should have all their ducks in order and be ready.

Having said that, I'm not -- actually, I need time to talk to him and be able to marshal the evidence in favor of release. My understanding is he's employed in the United States, is a citizen, has been here at least 35 years. So he has ties to the community, at least ties to the New York area, where he lived.

THE COURT: And I don't know if you've had a chance, because I know you haven't had a chance to speak to your client. But if you're able -- but if you are able to in fact get Pretrial to vet a residence, I know that's also of course something that would be important as well.

I understand your frustration, Ms. Hernández. You know, I've had certain situations where I've not consented to the Government getting their three days and we've gone slightly less under special circumstances.

And, Mr. Algredo, I'm very sensitive to the fact that you are an innocent person. That is what you are

presumed. However, you know, the Government's made a pretrial detention request.

I will note here that the Government, although they did have time to prepare, it appears that the Defendant was transiting through this area and so it was not something that appears to be a long-planned takedown. It appears to be it was an exigent sort of moving of things forward when they tried to get arrest in place.

And so I think it's reasonable here to do the three-day hold. And so I will go forward.

Ms. Naseef, go ahead.

MS. NASEEF: Your Honor, the Government can do the detention hearing sooner if Ms. Hernández requests it sooner. We did not know who was representing Mr. Vazquez when we initially asked for Friday. But as it is a presumption case, we wanted to give his counsel time to prepare for a detention hearing.

That being said, I would ask, if it hasn't been done already, that a financial assessment be done to make sure that Mr. Algredo qualifies for court-appointed counsel, as the investigation has revealed a substantial amount of assets in his name. And so I don't know how that would affect the timing of the detention hearing.

But the Government is prepared to do the detention hearing as soon as necessary.

THE COURT:  Okay.  Great.

You know, what I typically do is inquire.  And if you have evidence that you think demonstrates otherwise, I'm happy to hear from you.

But, Mr. Vazquez, you know, the one inquiry we make is whether or not you currently have employment where you earn greater than $75,000 as of today at this time.  If you do so have greater income, then I'll have to further inquire to see if you're eligible for appointed counsel.  You may not be.  However, if you earn less than $75,000, I will appoint Ms. Hernández.

And so what is your current income, annual income, Mr. Algredo?

THE DEFENDANT:  Allowing that -- like $60,000, because I haven't been working full-time because of the pandemic.

THE COURT:  Mr. Algredo, that's sufficient.

I find based on the Defendant's proffer he's eligible for the appointment of counsel.

Of course, just to say, if you end up finding any other document or you have any concern, I'm happy to see or gather any further information or review it and then go from there.

Ms. Hernández, when do you think you'd be ready for a detention hearing?  I know it's hard to kind of assess

that just now getting the case and everything.

MS. HERNANDEZ:  Your Honor, I have a hearing at 11:00 a.m. before Judge McFadden on Friday, an in-person hearing.  But other than that, I'm free.

THE COURT:  I know which one that is, Ms. Hernández.  Go ahead.

MS. HERNANDEZ:  Yes.  It came from your court before it got there.

THE COURT:  Yes.

MS. HERNANDEZ:  But I'm available, I guess maybe Thursday.  I don't know what the Court intended on Friday, what time you would be doing it on Friday.

THE COURT:  Thursday is fine.  We're available on Thursday.  What time is good for you on Thursday?

MS. HERNANDEZ:  I'm available all day on Thursday.

THE COURT:  Okay.

MS. HERNANDEZ:  And it might be better so that we don't -- I don't know how long the hearing before Judge McFadden's going to be.

THE COURT:  I don't know how long that one will be either.  So excluding that.  It's hard to predict.

So why don't we just plan for Thursday at 3:00. Does that sound good, Ms. Naseef?

MS. NASEEF:  Yes, your Honor.

THE COURT:  Okay.  Ms. Hernández, does that work

for you?

MS. HERNANDEZ:  Yes, your Honor.  And I think if we could do it virtually, that would be --

THE COURT:  Oh, yeah.

MS. HERNANDEZ:  -- good.

THE COURT:  I'm still all virtual.

So, Mr. Algredo, we're going to have a hearing on the -- Thursday at 3:00 p.m. to hear your request for release.  By that time, Ms. Hernández may have found a potential residence that she might want to have Pretrial Services look at.  She may have other things that she's able, as she said, evidence together to support her request for release.  And so we'll go there.

I will certainly remind the parties, I know Ms. Naseef, I'm sure you're aware, but if not, I would direct you to please be familiar with *United States versus Munchel*.  That is the D.C. Circuit case that has certainly been most relevant to the detention hearings we've had recently.  Although it is about the actions on January 6th, it largely sets forth I think the three magistrate judges, how we understand -- you know, we have to use that as guiding us in making determinations.

There are a couple other recent Circuit decisions that are less detailed, but that's certainly the best one I want to hear from both you and Ms. Hernández on as to how

you see the *Munchel* factors applying to this case.

I next want to make sure, Ms. Hernández, I understand you think your client might be a dual citizen. Is that right?  Or to the extent you want to know.  I just want to know about this consular notification.

MS. HERNANDEZ:  He does not request consular notification.  Does not.

THE COURT:  Okay.  Thanks so much.

Mr. Algredo, as I understand it, you are not -- you are requesting that we do not need to give notification to another country.  I don't know if that would or would not be appropriate.  And sometimes it's not helpful to your case to state whether or not you have another citizenship.  So that's kind of a hard situation.

I'm just going to let you know what that right is, even though you're not invoking it.  When a person who is not -- a non-U.S. citizen is arrested, they have the opportunity and the right to demand that the prosecutor and law enforcement notify the country's consulate.  And that representative here in the United States, that person must then be made available to meet with you in the jail facility so that you can notify your home country as well as any family there that may want to be notified from them and can arrange for visits to be made while you are detained to the extent that you are.

In addition, certain treaties or laws may require that notification even though you don't want to.

I understand in this case that you either may not be a dual citizen or you may not want that.  Regardless, you're not making that request here.  So we will not do anything with it.

There's a pending detention motion, so I don't think I need to do anything as to speedy trial.

Ms. Naseef, is there anything else from your end?

MS. NASEEF:  No, your Honor.  Sorry.  I could not reach the unmute button.  Nothing from our end.

THE COURT:  No problem at all.

Ms. Hernández?

MS. HERNANDEZ:  Your Honor, I understand from the Government that they will be filing a detention memo.  So I guess I would request if they could file it tomorrow, so that would give me a day.  But the sooner they can file it, the better.

THE COURT:  Yeah.  Absolutely.

Ms. Naseef, I'm sure whenever you're able to do it.  The sooner -- obviously, the same goes for me.  It's more helpful if you're putting the time into writing it, the more time I have with it so I can go through it.

MS. NASEEF:  Yes, your Honor.  No problem.

MS. HERNANDEZ:  Thank you.

THE COURT:  Thanks so much.

Ms. Hernández, anything else on your end?

MS. HERNANDEZ:  No, your Honor.  Thank you.

THE COURT:  Thank you.

Mr. Algredo, that's going to end things for today. We're going to be back on Thursday in the afternoon to hear from your lawyer as well as from the Government's lawyer as to why detention may or may not be appropriate.

No matter how I rule, either party, if they wanted to, could appeal my decision to the chief judge to decide whether or not I was correct or incorrect.  And so I am not the final decider on this, but I will be the first one to decide it on Thursday.

Do you understand what's going on, Mr. Algredo?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  Great.

Any questions for me?

THE DEFENDANT:  No.  No questions, sir.

THE COURT:  Okay.  Great.  Thank you.

Ms. Hernández, go ahead.

MS. HERNANDEZ:  Your Honor, I don't know if you could grant me, like, a few more minutes in a breakout room.

THE COURT:  Yeah.  I can.

MS. HERNANDEZ:  Thank you.

THE COURT:  I absolutely can.  Ms. Lavigne-Rhodes

can.  She's a higher authority than me.

So that's it for today.  The parties are excused.

Ms. Naseef and Ms. Sahni, thanks so much.  We'll see you on Thursday.

Mr. Algredo, I'm going to put you in a breakout room back with your lawyer, Ms. Hernández, so you can talk to her.

Ms. Lavigne-Rhodes, if you're able to do that.

THE COURTROOM DEPUTY:  Yes, your Honor.

THE DEFENDANT:  Thank you, sir.

MS. HERNANDEZ:  Thank you.

MS. NASEEF:  Thank you, your Honor.

THE COURT:  Thank you.  Everybody is excused.

(Conclusion of audio recording.)

**CERTIFICATE**

I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

Dated this 30th day of October, 2024.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269